UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL JAMES CABLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-03959-WTL-TAB |
| | ) |
| ARAMARK, | ) |
| CORE CIVIC ADMINISTRATION, | ) |
| COORECTIONAL CORPORATIONS OF | ) |
| AMERICA, | ) |
| NATIONAL ACADEMY O SCIENCES, | ) |
| FOOD & NUTRITION BOARD OF THE | ) |
| INSTITUTE OF MEDICINE, | ) |
| AMERICAN CORRECTIONAL ASSOCIATION, | ) |
| U.S.D.A. STANDARDS, | ) |
| DOCKERDORFF MS, RD, LD #710510, | ) |
| HOLCOMB Governor, | ) |
| MARION COUNTY PUBLIC DEFENDER | ) |
| AGENCY, | ) |
| MARION COUNTY PROSECUTOR AGENCY, | ) |
| MARION COUNTY SHERIFF DEPARTMENT, | ) |
| MARION COUNTY SUPERIOR COURT | ) |
| SYSTEMS, | ) |
| MITCH DANIELS Former Governor, | ) |
| U.S. FOOD AND DRUG ADMINISTRATION, | ) |
| MARION COUNTY HEALTH DEPARTMENT, | ) |
| INDIANA STATE HEALTH DEPARTMENT, | ) |
| BOARD OF MEDICAL DIRECTORS Federal, | ) |
| BOARD OF EDUCATION Federal, | ) |
| MONSANTO Including Subsidiaries, | ) |
| U.S. CONGRESS Federal, | ) |
| U.S. HOUSE Federal, | ) |
| U.S. SENATE Federal, | ) |
| STATE LEGISLATURES Each, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint, Dismissing Insufficient Claims,
and Directing Service of Process**

# I. Background

Plaintiff Michael James Cable ("Mr. Cable") is a prisoner currently incarcerated at the Marion County Jail II ("the Jail"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

# II. Screening

The complaint is brought under 42 U.S.C. § 1983 and names 22 defendants. One defendant is Aramark, the food service provider for the Jail. The other 21 defendants range from the National Academy of Sciences to Governor Holcomb to the Marion County Prosecutor Agency to the U.S. Congress. For relief, Mr. Cable seeks compensatory damages.

Mr. Cable alleges that he has lost 30 pounds since he has been confined at the Jail and that the food served there "has absolutely no nutritional value" and that inmates "do not even

receive a full amount on any tray." Dkt. No. 1, p. 5. He also alleges that he has been denied a kosher diet because he does not have a religious reason for requesting one.

Generally speaking, inmates who require a kosher diet in order to practice their religion have a First Amendment right to have that kosher diet. Mr. Cable does not invoke a constitutional right to have a kosher diet when he alleges no religious basis for his request. *See Powers v. Coleman,* 559 Fed.Appx. 581, 583 (7th Cir. June 20, 2014) (Seventh Circuit affirmed jury verdict that inmate's First Amendment rights were not violated when a kosher diet was denied because inmate did not hold a sincere religious belief requiring the diet). The fact that a Jail chaplain denied Mr. Cable's request for a kosher diet did not violate Mr. Cable's constitutional rights.

Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009). "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Id.* at 594. The claims against all defendants except Aramark are **dismissed for failure to state a claim upon which relief can be granted** because Mr. Cable does not allege actual participation in any constitutional violations. The Court need not discuss each defendant. Suffice it to say that many of them are not suable entities and none of them, other than Aramark, had any involvement in the provision of food at the Jail. Their inclusion is **frivolous.**

Mr. Cable's allegations of being denied adequate amounts of food and nutrition by Aramark shall be allowed to proceed as a claim brought under the Fourteenth or Eighth Amendment to the United States Constitution, depending on whether Mr. Cable is a pretrial detainee or convicted offender.

### III. Report Future Changes of Address

The *pro se* plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to communicate with the *pro se* plaintiff. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Termination of Defendants and Service of Process

**The clerk** shall **dismiss all defendants except Aramark** on the docket.

**The clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Aramark in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk** shall issue a courtesy copy of this Entry to attorney Christopher Douglas Cody.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 12/14/17

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

MICHAEL JAMES CABLE
488954
MARION COUNTY JAIL II
730 East Washington Street
Indianapolis, IN 46202

Aramark Food Service
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
54 Monument Circle, 4th Floor
Indianapolis, IN 46204