UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL JAMES CABLE,  )
 )
        Plaintiff, )
 )
        v. ) No. 1:17-cv-03959-WTL-TAB
 )
ARAMARK, )
 )
        Defendant. )

**Entry Granting Defendant's Unopposed Motion for Summary Judgment on Exhaustion and Directing Entry of Final Judgment**

**I. Background**

Plaintiff Michael James Cable was a prisoner incarcerated at the Marion County Jail II (the "Jail II") at the time he filed this civil rights action. In his complaint, filed on October 27, 2017, Mr. Cable alleged that he had lost 30 pounds since he was confined at the Jail II and that the food served there "has absolutely no nutritional value" and that inmates "do not even receive a full amount on any tray." Dkt. No. 1, p. 5. His claim that he was improperly denied a kosher diet was dismissed for failure to state a claim upon which relief can be granted. Dkt. No. 6.

Defendant Aramark moves for summary judgment seeking resolution of the claim against it on the basis that Mr. Cable failed to exhaust his available administrative remedies. Mr. Cable has not opposed the motion for summary judgment.

For the reasons explained in this Entry, Aramark's unopposed motion for summary judgment, Dkt. No. 19, must be **granted.**

## II. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendant to demonstrate that Mr. Cable failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). Aramark's motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Cable on or about April 13, 2018, and were re-served on or about May 14, 2018, after Mr. Cable reported a change of address. As noted, no response has been filed, and the deadline for doing so has passed.

The consequence of Mr. Cable's failure to respond is that he has conceded the defendant's version of the facts. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

# III. Discussion
## A. Undisputed Facts

The following facts, unopposed by Mr. Cable and supported by admissible evidence, are accepted as true:

The intent of the Jail II Offender Grievance Process is to provide a mechanism for every offender to express complaints and topics of concern, for the efficient and fair resolution of legitimate offender concerns, and for Jail II management to be better informed and better able to carry out Jail II's mission and goals. Accordingly, information on the Offender Grievance Process is included with the Admission & Orientation (A & O) Paperwork for offenders entering Jail II. A copy of the policy for the Offender Grievance Process is also available to offenders through the inmate library.

The Offender Grievance Process consists of three stages. First, an offender must attempt to resolve the grievance informally through officials at the facility. Second, if the offender is unable to obtain a resolution informally, the offender may submit a formal grievance to the designated staff person. The appropriate form for submitting grievances is available upon request to inmates from any staff member assigned to that inmate's unit. Third, if the formal grievance is not resolved in a manner that satisfies the offender, the inmate has five (5) days from the date the formal grievance was answered in which to appeal the decision to the Warden. The Offender Grievance Process is not complete until the inmate completes the appeal process.

During his time at the Jail II, Mr. Cable filed only one informal grievance and that grievance complained that Mr. Cable had been denied a kosher diet. Mr. Cable's informal grievance was resolved on November 10, 2017, in that he did not meet the guidelines for a kosher diet.

Following the resolution of his informal grievance, Mr. Cable never filed a formal

grievance regarding his request for a kosher diet. He also did not file any appeals of this grievance.

Mr. Cable never filed any grievances relating to the nutritional value of his food or the amounts of food served.

**B. Analysis**

The undisputed facts demonstrate that Mr. Cable did not start or complete the grievance process relating to the claims that were allowed to proceed in this case. Given his failure to respond to the motion for summary judgment, Mr. Cable has not identified a genuine issue of material fact supported by admissible evidence that counters the facts offered by Aramark. The facts shown by Aramark are that: 1) the Jail II had an administrative remedy process in place; and 2) Mr. Cable failed to initiate the remedy process regarding his complaints about the food served at the Jail II. Aramark has met its burden of showing that Mr. Cable did not complete the grievance process before he filed this lawsuit. *See* 28 U.S.C. § 1997e(a); *Porter*, 534 U.S. at 524 (prisoners must exhaust grievance procedures before they can file their suit).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the [Jail] establishes…" *Id.*; *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

The consequence of Mr. Cable's failure to timely exhaust his administrative remedies before filing this action, in light of 42 U.S.C. § 1997e(a), is that his claim against Aramark must be dismissed without prejudice. *See Ford,* 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the reasons explained above, the unopposed motion for summary judgment filed by Aramark, Dkt. No. 19, is **granted.** Judgment consistent with this Entry and with the screening Entry of December 14, 2017, shall now issue.

The **clerk is directed to update** Mr. Cable's address on the docket to "Logansport State Hospital, 1098 S. State Road 25."

**IT IS SO ORDERED.**

Date: 7/16/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL JAMES CABLE
Logansport State Hospital
1098 S. State Road 25
Logansport, IN 46947

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com